

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2008

# Pressley v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pressley v. Johnson" (2008). *2008 Decisions.* Paper 1465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-139**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4193

SEAN PRESSLEY,

Appellant

v.

SUPT. P. JOHNSON; C.O. CLARK; C.O. YOLINSKY; C.O. M. FREEMAN; C.O. G.
FREEMAN; L.T. BLAKELY; CAPT. T. MCCONNELL; C.O. W. DUKE; C.O.
ABRAMS; C.O. CRUMB; CAPT. CLAYBORNE; DR. RUEDA; P.A. F. POLANDO;
DEPUTY SUPT. DICKSON; C.O. B. KNIGHT; C.O. FULLER; C.O. NEIPORT; CAPT.
SIMPSON; H.E. MATTHEWS; SGT. BEDILION; C.O. FRIDLEY; LT. E. FERSON;
C.O. ONSTOTT; C.O. SHAFER; LT. A. BOVO; C.O. ROSE; C.O. JOHNSON; C.O.
AKERS; SGT. GIDDENS; LT. J. HOLMES; SUPT. CONNER BLAINE; MAJOR
HASSETT; DEPUTY SUPT. MILLER; SMITH; MAHLMEISTER; BRUNO; CAPT.
GRAINEY, sued in their individual and official capacities; C.O. SIPOS; NURSE
DANNER

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-02350)
District Judge: Honorable Terrence F. McVerry

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed: March 10, 2008)

---

OPINION

---

PER CURIAM

This is an appeal from the District Court's grant of summary judgment. For the following reasons, we will summarily affirm. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

Sean Pressley, a state prisoner currently incarcerated in the State Correctional Institution at Mahanoy, filed a civil rights action in the District Court pursuant to 42 U.S.C. § 1983. Named as defendants were various former employees/agents of the Pennsylvania Department of Corrections. Pressley accused prison officials of violating his Fourth, Eighth and Fourteenth Amendment rights. Pressley also made numerous allegations accusing the defendants of retaliating against him for filing grievances and lawsuits against prison officials. According to Pressley, the retaliation took the form of false misconduct reports, theft of his property, harassment and intimidation, transfer to a different prison, and placement in administrative custody. On March 26, 2003, the District Court entered an order granting the defendants' motion to dismiss with respect to the Fourth, Eighth, and Fourteenth Amendment claims but denying the motion with respect to the access-to-courts and retaliation claims. Next, on September 28, 2006, the Court granted summary judgment for the defendants on Pressley's access-to-courts claims. Finally, on September 28, 2007 the District Court determined that Pressley's retaliation claims did not present a genuine issue of material fact and granted the

2

defendants' summary judgment motion.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). We accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). We also exercise plenary review over the District Court's grant of Appellees' motion for summary judgment. See Whitfield v. Radian Guar., Inc., 501 F.3d 262, 265 (3d Cir. 2007). A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

For substantially the reasons given by the District Court, we find that Pressley failed to state a Fourth, Eighth or Fourteenth Amendment claim. In his Fourth Amendment claim, Pressley asserted that officers illegally searched and seized legal and religious materials from his cell. A prisoner has no reasonable expectation of privacy in his cell, however. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Pressley's Eighth Amendment claims amounted to a generalized complaint about the conditions of confinement in the restricted housing unit. We have previously rejected such a contention in Griffin v.Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). The District Court thus properly found that Pressley did not allege a deprivation of a basic human need in violation of the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Pressley's numerous Due Process allegations also fail to state a claim. First,

3

Pressley argues that prison officials denied him due process of law by destroying his property. However, even an intentional deprivation of property in the prison setting is not a due process violation if the prison provides an adequate post-deprivation remedy. See Hudson, 468 U.S. at 532-33. The District Court held, and we agree, that Pennsylvania's inmate grievance procedure is an adequate post-deprivation remedy. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that county prisoner had adequate post-deprivation remedy through grievance system that allowed prisoners to complain about "any" matter that is "unjust" and provided for direct appeal to the warden).

Further, Pressley's claim alleging a deprivation of access to the courts arising from the destruction of his property was properly dismissed on the defendants' summary judgment motion. The property in question, according to Pressley, included legal materials necessary for prosecution of his civil action in Pressley v. Horn, No. 99-01956 (W.D. Pa. 2004). The docket for the case indicates that Pressley was represented by counsel and received a jury trial. To maintain a denial of access-to-courts claim, Pressley must show that the deprivation of legal materials hindered his efforts to pursue a non-frivolous legal claim. See Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997) (plaintiff alleging access to courts claim must show loss or rejection of a legal claim). Here, where Pressley had the benefit of counsel, there is no nexus between the deprivation and any loss suffered in the case. Therefore, Pressley cannot plausibly maintain an access-to-courts claim based on this civil action.

Pressley also made an allegation in his amended complaint that defendant John Doe #5 destroyed his religious materials which hindered the free exercise of his religion. Pressley, however, failed to elaborate on what religious materials were confiscated or how it hindered his free exercise right. "To survive summary judgment, a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." McCabe v. Ernst & Young, LLP., 494 F.3d 418, 436-37 (3d Cir. 2007) (citations omitted).

Pressley also complained about the investigation and processing of his inmate grievances. Because there is no due process right to a prison grievance procedure, Pressley's allegations did not give rise to a Fourteenth Amendment violation. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). To the extent that Pressley raised a due process claim regarding his confinement in the restricted housing unit ("RHU"), the District Court properly dismissed his claim. Pressley's alleged 360 days of disciplinary custody does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Griffin, 112 F.3d at 703 (exposure to the conditions of administrative custody in Pennsylvania prison for periods as long as 15 months falls within the expected parameters of prisoner's sentence). Further, we agree with the District Court's analysis that Pressley's allegations concerning his placement in administrative custody do not state a claim upon which relief may be granted.

Pressley also asserted that Appellees violated his constitutional rights by filing

5

false misconduct reports, which resulted in his disciplinary custody in the RHU. However, as it appears that Pressley had a procedural opportunity to address his assertion that the misconduct reports were false, that claim must fail. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (as long as procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim).

We also find that Pressley's retaliation claims do not raise any genuine issues of material fact. In so holding, we substantially adopt the Magistrate Judge's reasoning in her September 6, 2007 Report and Recommendation.

In order to prevail on a retaliation claim, Pressley was required to prove three elements: 1) the conduct which led to the alleged retaliation was constitutionally protected; 2) he was subjected to adverse actions by a state actor; 3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). While Pressley's ability to file grievances and lawsuits against prison officials is constitutionally protected, the District Court correctly determined that there was no causal nexus between the alleged adverse action and Pressley's grievances.

Pressley's misconduct offenses were supported by legitimate violations of prison regulations. See Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002) (no genuine issue of material fact that jailhouse lawyer would have been disciplined notwithstanding his jailhouse lawyering). Pressley admitted in at least two instances to violating prison

regulations which led to misconduct charges. The other misconduct violations were backed by thorough investigations including statements by prison officials, Pressley, and eye-witnesses. See Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985) (holding that the requirement of a written statement for the reasons relied upon by the disciplinary board "does not imply that a disciplinary board's factual findings . . . are subject to second-guessing upon review"). In each instance, the Appellees presented evidence that pointed to a legitimate reason for the misconduct violations. Pressley failed to present evidence showing that any of the incidents were "substantially motivated" by his lawsuit against prison officials. Therefore, the District Court properly granted summary judgment for the defendants. See Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 581 (3d Cir. 1986) (in reviewing grant of summary judgment, appellate court cannot ignore uncontested facts that render inferences unreasonable).

Regarding Pressley's transfer to SCI-Greene, there was sufficient uncontroverted evidence presented that the transfer occurred due to his ongoing disruptive behavior at SCI-Pittsburgh.[1] Other alleged retaliatory incidents–including Pressley's placement in administrative custody and the alleged theft of his property–occurred months after prison officials reportedly learned of his original civil action. Therefore, no sufficient causal nexus existed between Pressley's constitutionally protected activity and prison officials' adverse action. See Black v. Lane, 22 F.3d 1395, 1407 (7th Cir. 1994) (for an inference of

---

[1]The defendants presented evidence that in the past ten years, Pressley has incurred 80 institutional misconducts.

retaliation to be plausible, there must not be a significant gap in time between the exercise of protected activity and the purported act of retaliation).

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order.  See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.